915 F.2d 1565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Godwin Nonyelum CHINAGOROM, Defendant-Appellant.
 No. 90-6309.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 8, 1990.
Decided Oct. 9, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, District Judge. (CR-87-58)
 Godwin Nonyelum Chinagorom, appellant pro se.
 John Stuart Bruce, Office of the United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Godwin Nonyelum Chinagorom appeals from an order of the district court which declined to rule on his motion for a recommendation against deportation made pursuant to 8 U.S.C. Sec. 1251(b). He has also asked this Court to issue injunctions which would (1) stay deportation proceedings and (2) direct the district court to resentence him under the sentencing guidelines and make a recommendation against deportation.
 
 
 2
 Although Chinagorom's offense occurred just after the Sentencing Reform Act went into effect, he requested that he be sentenced under the prior law and the district court complied. He received a sentence of 30 months. The presentence report prepared in accordance with the Guidelines before sentencing gave him a Guidelines range of 24-30 months.
 
 
 3
 Chinagorom later challenged his sentence as illegal; on the government's motion, a resentencing hearing was scheduled by the district court. Before the hearing, Chinagorom finished serving his 30-month sentence and was released to the custody of the Immigration and Naturalization Service. He then filed a motion asking the district court to recommend, after resentencing him, that he not be deported.
 
 
 4
 At a hearing on the matter, the district court decided not to resentence Chinagorom because he had already served the term of imprisonment which would have been imposed under the Guidelines. After hearing evidence on the motion for a recommendation against deportation, the court declined to make the recommendation.
 
 
 5
 The decision whether or not to make a recommendation against deportation under 8 U.S.C. Sec. 1251(b) is discretionary. Giambanco v. Immigration and Naturalization Service, 531 F.2d 141, 147 (3d Cir.1976). We find that the district court did not abuse its discretion in declining to make the recommendation in this case.
 
 
 6
 We therefore affirm the district court's order and deny Chinagorom's motions for injunctions.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Chinagorom's contention that if he were resentenced under the sentencing Guidelines, he would receive no more than an eight-month sentence and therefore be nondeportable under 8 U.S.C. Sec. 1251(a)(4) is meritless. As noted, the recommended sentencing range was 24-30 months imprisonment. Any sentence of more than a year, following a conviction for fraud, would make Chinagorom deportable under Sec. 1251(a)(4)